UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy James Allen,<br><br>  Plaintiff,<br><br>v.<br><br>Cheryl Piepho, Charles Brooks, and Paul Schnell, each in their Individual Capacities, and the Minnesota Department of Corrections,<br><br>  Defendants. | Case No. 21-cv-02689 (SRN/ECW)<br><br><br><br>**ORDER ON DEFENDANTS'<br>MOTION FOR CERTIFICATION OF<br>INTERLOCUTORY APPEAL** |

Phillip F. Fishman, Phillip Fishman Law Office, 825 Nicollet Mall, Suite 1600, Minneapolis, MN 55402; and Vincent J. Moccio, Bennerotte & Associates, P.A., 3085 Justice Way, Suite 200, Eagan, MN 55121, for Plaintiff.

Amanda Prutzman and Benjamin Harringa, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1100, St. Paul, MN 55101, for Defendants.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion to Amend Order to Certify for Appeal [Doc. No. 93] filed by Defendants Cheryl Piepho and Charles Brooks ("Piepho and Brooks"). Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court grants the motion.

**I. BACKGROUND**

In this action under 42 U.S.C. § 1983, Allen, who was formerly incarcerated at the Minnesota Correctional Facility-Faribault ("MCF-Faribault") from July 26, 2017 through April 18, 2022, asserts that medical providers Piepho and Brooks were deliberately

1

indifferent to his serious medical needs and committed medical malpractice when they treated him during his incarceration at MCF-Faribault. (Am. Compl. [Doc. No. 21] Counts 1–2.)

Initially, Allen brought his claims against several other named officials and medical staff employed by the Minnesota Department of Corrections, its contracted medical provider, Centurion, and John and Jane Does A–F, each in their individual and official capacities, as members of the nursing and medical staff of MCF-Faribault. (*See* Compl. [Doc. No. 1-1].) On January 26, 2022, Mr. Allen served a subpoena on the State to produce information regarding the identities of individuals whose signatures were found in Mr. Allen's DOC medical records. (Moccio Decl. [Doc. No. 83], Ex. 1.) The State identified Piepho and Brooks on March 31, 2022. (Moccio Decl., Ex. 3 at 1.)

Mr. Allen was released from incarceration on April 22, 2022. (Grunseth Decl. [Doc. No. 76], Ex. C.) On April 29, 2022, the Court granted Mr. Allen leave to amend his complaint, and he filed it the next day [Doc. Nos. 20-21]. As relevant here, the Amended Complaint named Piepho and Brooks as defendants, along with other defendants who have since been dismissed.

In May 2023, Piepho and Brooks were granted permission to move for summary judgment before the close of discovery on the narrow question of whether Allen's claims were barred by the Prison Litigation Reform Act ("PLRA") for failure to exhaust his administrative remedies before bringing the action. (*See* Defs.' Mem. in Supp. of Mot. for Summ. J. [Doc. No. 81] at 1-2.) The PLRA provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by

2

a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies only to individuals who are incarcerated or detained, not those who bring federal claims after being released from incarceration. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005).

It is undisputed that Mr. Allen was incarcerated, and did not file any grievances during his incarceration. (Grunseth Decl. ¶¶ 10-12; *see also* Pl.'s Mem. in Opp'n [Doc. No. 82] at 5 ("Plaintiff does not dispute that he did not exhaust his administrative remedies.").)

In June 2023, the Court denied Piepho and Brooks's summary judgment motion [Doc. Nos. 86 & 87]. The Court found that the PLRA exhaustion requirement did not apply to Allen's claims against Piepho and Brooks because he was not incarcerated when they were first named as Defendants in the Amended Complaint, which is the operative complaint in this action. (June 29, 2023 Order [Doc. No. 87] at 6–7.)

Pursuant to 28 U.S.C. § 1292(b), Piepho and Brooks now wish to pursue an interlocutory appeal of the Court's ruling. They argue that an interlocutory appeal is appropriate because: (1) the question of whether the amended complaint in this case creates a new "operative complaint" and is therefore not subject to the PLRA's exhaustion requirement because the plaintiff was granted leave to amend after his release, presents a controlling question of law; (2) there are substantial grounds for a difference of opinion on this issue; and (3) an appeal would materially advance the ultimate termination of the litigation. (Defs.' Mem. Supp. Certify Interloc. Appeal [Doc. No. 96] at 4–9) (citing 28 U.S.C. § 1292(b)).

3

Allen does not oppose Defendants' motion. (Pl.'s Nov. 14, 2023 Letter [Doc. No. 102].) In light of the lack of opposition, the hearing on this matter that was scheduled for November 29, 2023 is hereby canceled and the Court issues this ruling based on the parties' current and prior submissions.

## II. DISCUSSION

### A. Standard to Certify an Interlocutory Appeal

The Order that Defendants seek to appeal was a non-final order. As such, an interlocutory appeal is governed by 28 U.S.C. § 1292. This statute allows a district judge to certify a non-final order for interlocutory appeal where: (1) the order involves a controlling question of law; (2) there exist substantial grounds for difference of opinion on that question; and (3) the immediate appeal of the order would advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

Section 1292 appeals should only be granted "in exceptional cases where a decision on appeal may avoid protracted and expensive litigation, as in antitrust and similar protracted cases." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994). Regarding whether PLRA cases meet this "exceptional" standard, as Defendants note, PLRA cases have previously reached the Eighth Circuit on interlocutory appeal under § 1292. *See Chelette v. Harris*, 229 F.3d 684 (8th Cir. 2000) (holding that PLRA's exhaustion requirement did not create a jurisdictional requirement that the case be dismissed under Fed. R. Civ. P. 12(b)(1), but case should have been dismissed for inmate's failure to exhaust administrative remedies); *Gavin v. Branstad*, 122 F.3d 1081 (8th Cir. 1997) (deciding constitutional challenge to the PLRA on interlocutory appeal); *but see Jordan v. Coffman*, No. 4:21-CV-

4

1456-MTS, 2023 WL 2930338, at *3–6 (E.D. Mo. Apr. 13, 2023) (denying interlocutory appeal where Defendants had asserted that district court order conflicted with Eighth Circuit precedent).

### 1. Controlling Question of Law

An issue is a controlling question of law if reversal of the district court's order would terminate the action, or is "quite likely" to influence the course of the litigation. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co.*, No. 10-cv-4948 (JRT/TNL), 2015 WL 4898662, at *2 (D. Minn. Aug. 17, 2015) (quoting *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 372 (S.D.N.Y. 2008), and *Sokaogon Gaming Enter. Corp. v. Tushie–Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996)).

The Court finds that the issue addressed in the June 29, 2023 Order involves a controlling question of law: whether the amendment of a complaint—a complaint originally brought by plaintiff before he was released from prison, but amended after his release from prison to add new defendants, newly identified to plaintiff for the first time, and the only remaining defendants in this case, creates a new "operative complaint" for purposes of determining the applicability of the exhaustion requirements of the PLRA? Summary judgment in Defendants' favor would result in dismissal of the action. *Watkins, Inc. v. McCormick & Co., Inc.*, 579 F. Supp. 3d 1118, 1121 (D. Minn. 2022) (holding that an appeal concerns a controlling question of law if answering said question warrants reversal of a final judgment or dismissal).

### 2. Substantial Ground for Difference of Opinion

Substantial ground for disagreement may be supported by the identification of a "sufficient number of conflicting and contradictory opinions." *White*, 43 F.3d at 378 (internal citation omitted). "[S]ubstantial ground for difference of opinion does not exist merely because there is a dearth of cases." *Id*. (internal citation omitted). Such grounds may exist if "a difference of opinion exists within the controlling circuit" or "the circuits are split on the question." *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014). However, the existence of a circuit split does not necessarily create sufficient grounds for disagreement. *See Babbitt v. Target Corp.*, Civil No. 20-490 (DWF/ECW), 2023 WL 2540450, at *4 (D. Minn. Mar. 16, 2023) (holding that where the Fifth Circuit's rule was rejected by many courts within and outside the Eighth Circuit, even without binding Eighth Circuit precedent, there was no substantial ground for disagreement).

While the Court stands by its summary judgment ruling, it finds that Defendants meet this requirement for an interlocutory appeal. There is no binding Eighth Circuit precedent on this issue, but there is a circuit split on this question, which continues to evolve in light of the Supreme Court's holding in *Jones v. Bock*, 549 U.S. 199 (2007). The Second, Fifth, Seventh, Tenth, and Eleventh Circuits have "concluded that the relevant time when determining the applicability of the PLRA is the date when the lawsuit was filed." *Jefferson v. Roy*, No. 16-cv-3137 (WMW/SER), 2019 WL 4013960, at *2 (D. Minn. Aug. 26, 2019) (collecting cases), *but see Sanchez v. Nassau County*, --- F.Supp.3d ----, 2023 WL 2457855, at *12-19 (E.D.N.Y. Mar. 11, 2023) (challenging Second Circuit's reasoning

6

and limiting applicability of prior precedent, *Berry v. Kerik*, 366 F.3d 85 (2d Cir. 2004), to situations where the plaintiff is still actually incarcerated). Conversely, the Ninth Circuit has held that an amended complaint which adds new parties is a supplemental complaint which supersedes earlier complaints, thus rendering earlier filing dates irrelevant and obviating a defense based on the exhaustion requirement. *See Jackson v. Fong*, 870 F.3d 928, 932-37 (9th Cir. 2017). The Third Circuit agrees with the holding of *Jackson*. *See Garrett v. Wexford Health*, 938 F.3d 69, 88-92 (3d Cir. 2019). The Sixth Circuit's position on this issue is somewhat ambiguous, with the circuit challenging the reasoning of, but not expressly overturning, a holding which sided with the Second, Fifth, Seventh, Tenth and Eleventh Circuits. *See Mattox v. Edelman*, 851 F.3d 583, 592-95 (6th Cir. 2017) (discussing *Cox v. Mayer*, 332 F.3d 422 (6th Cir. 2002)).

There is also a split within the District of Minnesota. *Compare Jefferson*, 2019 WL 4013960, at *2-3 (holding that "consistent with the weight of the prevailing legal authority addressed above, the date of Jefferson's amended complaint has no bearing on the applicability of the PLRA's exhaustion requirement."), w*ith Scher v. Bureau of Prisons*, No. 19-cv-2001 (SRN/BRT), 2021 WL 3426050, at *3 (D. Minn. May 27, 2021) (citing *Jackson*, 870 F3d at 937).

### 3. Materially Advance Termination of the Litigation

As to whether allowing an interlocutory appeal would materially advance the termination of this litigation, the Court finds this factor is also met. As noted earlier, because Defendants are the only remaining Defendants in the case, resolving the question of exhaustion could potentially terminate the case.

7

In sum, although the Court maintains that its summary judgment ruling was correct, it finds that Defendants meet the three requirements for interlocutory appeal, and Plaintiff does not oppose the motion. Accordingly, Defendants' motion is granted.

## III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, and for the reasons stated on the record at the hearing, **IT IS HEREBY ORDERED** that

1. Defendants' Motion to Amend Order of June 29, 2023 to Certify for Appeal [Doc. No. 93] is **GRANTED**.

2. The hearing on this motion, scheduled for November 29, 2023, is **CANCELED**.

3. The Court hereby **AMENDS** it June 29, 2023 Order [Doc. No. 87] to certify the following question under 28 U.S.C. § 1292(b):

Whether the amendment of a complaint—a complaint originally brought by plaintiff before he was released from prison, but amended after his release from prison—to add new defendants, newly identified to plaintiff for the first time, and the only remaining defendants in this case, creates a new "operative complaint" for purposes of determining the applicability of the exhaustion requirements of the PLRA?

Dated: November 17, 2023                          s/Susan Richard Nelson
                                                  SUSAN RICHARD NELSON
                                                  United States District Judge